Lane, C. J.
The plaintiff’s survey and patent is bounded on the east line of the defendants’ two patents, so that when the defendants’ line is found it settles both. The description begins at a corner, which it describes by its timber, being the upper corner of Parker’s survey, on Darby creek, running “up the creek,” many stations described by course and distance only, to another corner, described by timber. The other patent calls are like this, beginning at the last named corner, thence up the creek, by course and *distance to a third timber corner. The corners are [510 all identified and stand on the bank of the creek. No original line was marked, but the described line corresponds, generally, with the meanders of the creek, and is found, on survey, to be but few poles from it. The case, then, is settled by a single point, whether a call “up the creek,” by course and distance, means with the creek and bounded on the creek, or whether the notice of the creek is intended to indicate the general direction of the line, which is to remove locality by the course and distance.
Some cases are understood to have been decided on the circuit, many years ago, recognizing the latter as 'the true rule. Those decisions probably depended on special circumstances, not now known to us. The general principle is, first look for visible monuments, one of the most natural of which is a stream, and a line extended, referring to a stream, is presumed to lie on it, unless some circumstances appear indicative of a different intention. The present case furnishes abundant reason to reject any such intention. All the corners are on the creek, and it would be one of the most improbable suppositions; to presume a tract of land, lying for miles on a stream, and described by a line running parallel with its meanders, within a few poles or yards, was not intended to be bounded by the water. Judgment for the defendants.